LONG DOCK COMPANY v. STATE BOARD OF ASSESSORS.

MORRIS AND ESSEX RAILROAD COMPANY v. STATE BOARD OF ASSESSORS.

CENTRAL RAILROAD OF NEW JERSEY v. STATE BOARD OF ASSESSORS.

Argued May 15, 1911—Decided November 20, 1911.

Where no principle of law is involved and no preponderance of testimony exists in favor of the prosecutor the judgment of the state board of assessors upon a question of value will not be disturbed.

On *certiorari.*

Before Justices GARRISON, PARKER and VOORHEES.

For the Long Dock Company, *Collins & Corbin.*

For the Morris and Essex Railroad Company, *William D. Edwards.*

For the Central railroad, *George Holmes* and *Richard V. Lindabury.*

For Jersey City, *James J. Murphy, Warren Dixon* and *George L. Record.*

For the city of Hoboken, *Horace L. Allen.*

For the state, *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

GARRISON, J.   The assessments for taxes brought up by these writs must be affirmed. No legal principle is involved. The value of property is the sole matter of dispute.

By a previous decision of this court, that has been affirmed by the Court of Errors and Appeals, the principle was laid down that in the assessment of second-class railroad property the additional value imparted to such property by its use under a railroad franchise should not be included.   *Long Dock Co.* v. *State Board of Assessors,* 49 *Vroom* 44.

This principle the state board has observed in making the present assessment. The opinion in the case cited also held that the market value of terminal property due to its availability for railroad purposes generally was a legitimate basis for its assessment for taxation. This value the state board has assessed in the present case. The fact that the present assessment does not greatly vary from the previous one does not involve the violation of any principle of law or show that the legal principles laid down for the guidance of the board have been disregarded. All that it shows is that in the judgment of the board the value of these terminal lands for railroad purposes generally was substantially identical with their

value under a special franchise for railroad use. That is a question of fact, and we cannot say that it is not so.

The valuation on which the present assessments were made is supported by the return of the state board to which the legislature has given express authority "to use their personal knowledge and judgment as to the value of property." It is also supported by some of the testimony taken under these writs while opposed by other testimony so taken. We are unable to say that the latter testimony so preponderates as to overcome the judgment of the board and the testimony that supports it as to make it our clear duty to substitute our judgment for that of the state board upon a question of value. If it were a question of law, our opinion might be of more worth than that of an administrative board, but upon a question of value the presumption is rather the other way.

The values placed on these terminal lands by the state board will not be disturbed.

The assessments brought up by these writs are affirmed.